(57 Misc. Rep. 400.)

## FREEMAN v. FREEMAN.

(Supreme Court, Special Term, Saratoga County.   January, 1908.)

1. DIVORCE—APPEARANCE BY ATTORNEY—JURISDICTION.
    Where defendant in divorce appears by an attorney, such appearance is insufficient, in the absence of proof of due service of summons.

2. SAME—SERVICE—SUFFICIENOY.
    In an action for absolute divorce, defendant was personally served with summons and complaint in another state, but no order for service by publication was granted. *Held*, that a subsequent appearance of defendant by attorney confers no jurisdiction.

Action by Nellie M. Freeman against Nelson G. Freeman for divorce. Plaintiff moves for judgment on report of referee. Motion denied.

Charles M. Davidson (J. J. Healey, of counsel), for plaintiff.
Walter H. Cogan, for defendant.

SPENCER, J.   This is an action for absolute divorce. The parties at one time were residents of Saratoga, in this state; but, when the action was brought, the defendant was either residing or sojourning in the city of Portland, Or.   As proof of personal service of the summons and complaint, the attorney has filed an affidavit by one George J. Perkins, of the state of Oregon.   This affidavit is imperfect (the affiant miscalling the plaintiff for the defendant), and is further insufficient in that the affiant makes no claim to have any knowledge that the person served was the husband of the plaintiff, except information derived from the person so served.   It is further deficient in not being duly authenticated as required by law.   These defects might possibly be cured, although it seems impossible from the facts, otherwise appearing, that the affiant could have knowledge of the identity of the person on whom he served the summons.   It also appears that, at the time the affiant Perkins served the summons, he obtained a written acknowledgment from the person served that he was the husband of plaintiff, that he had read the allegations of the complaint charging misconduct on his part, and admitting that such allegations were substantially true, and also giving authority to an attorney at law of Saratoga Springs to appear for and represent him in the action.   The attorney appeared and answered by a general denial.   The case was placed upon the Trial Term calendar as a contested action, beginning February 11, 1907, and an order was entered referring the action to a referee to hear and determine.   The action was brought to hearing on the 26th day of July, 1907, the plaintiff appearing in person and by her attorney and counsel, and the defendant appearing also by his attorney; and the evidence in support of plaintiff's allegations was taken.   On the 8th day of August, 1907, the referee made his report, finding the material allegations of the complaint.   The present motion is for judgment accordingly.

The plaintiff's contention is that, although service of the summons upon the defendant was in a foreign state without any order of the court, the subsequent appearance of defendant by attorney confers jurisdiction on the court to award judgment.   I do not see my way clear

109 N.Y.S.—45

to such a result. There is no authority, as far as I can find, for service of summons upon a defendant outside the state except in the manner prescribed by the Code of Civil Procedure, and generally known as "service by publication." In such cases, where service by publication is ordered, the publication may be omitted, and personal service beyond the state substituted, if the orders so provide. But personal service under an order of publication in an action for divorce is always a doubtful and uncertain method, for the reason that, in such actions, the affidavit of service must conform to the requirements of Supreme Court rule No. 18; the affiant being required to state facts from which the court may say that he knows the person served to be the husband or the wife of the plaintiff. Such facts may not be hearsay, or statements or declarations of the person upon whom service is made. Furthermore, in any case, the court may require the affiant to appear in court and be examined in respect to his knowledge as to the identity of the person, so that the court may have assurance that the service has been properly made by one having knowledge of the parties. In some districts this is the invariable practice. In divorce actions a certificate by a sheriff is not sufficient; for he also must make affidavit, and, if required, appear before the court for examination. By rule 72 notice of appearance and retainer is not sufficient to excuse such proof.

But it is urged that, although service in this case does not comply with the statute, there can be no doubt that service was in fact made; and, as plaintiff has been put to expense, the court should regard the service sufficient and order judgment against the defendant. I am not aware that the court has any such power. To obtain an order permitting service outside the state is a statutory requirement, and upon its observation the jurisdiction of the court depends. The rule that an appearance by attorney in these actions shall not be taken in lieu of proof of service was established to abolish a deplorable condition which formerly existed; and I am not inclined to interfere with its operation, even if I were at liberty to do so.

The motion for judgment must therefore be denied, and all the proceedings since the issuance of the summons set aside, and plaintiff required to obtain due service thereof; the service outside the state, without an order, being a nullity.

Ordered accordingly.